**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **EDWARD T. GLOSPIE,** | Civ. No. 2:11-6939 (KM) (MCA) |
| **Plaintiff,** | |
| **v.** | **OPINION** |
| **ADAM CASTIGLIA, UNNAMED SUPERVISORY OFFICER (S) OF THE NEW ROCHELLE POLICE DEPARTMENT,** | |
| **Defendants.** | |

**MCNULTY, U.S.D.J.:**

This matter comes before the Court upon Defendant Adam Castiglia's Motion (Docket No. 13) to dismiss the Complaint ("Compl.", Docket No. 1) of *pro se* Plaintiff Edward T. Glospie. For the reasons set forth below, Defendant's motion will be granted and the Complaint will be dismissed.

## I.   BACKGROUND

On June 27, 2008, Castiglia and other members of the New Rochelle Police Department arrested the plaintiff, Edward T. Glospie, in New Rochelle, New York. Compl. at 3. Plaintiff alleges that Castiglia searched Glospie's person and vehicle. *Id.* While conducting the search, the officers removed from the center console of the vehicle an ammunition clip for a 9mm Beretta 92FS handgun. *Id.* at 4. Castiglia and other New Rochelle police officers also conducted a K-9 (*i.e.,* trained dog) search of the surrounding area. Glospie further alleges that Castiglia and other unnamed officers conducted a "roadside criminal investigation and interrogation" without administering Miranda warnings. *Id.*

Glospie was arrested, allegedly without probable cause. Castiglia brought Glospie to the New Rochelle police headquarters, where Glospie was further questioned. Glospie was held on a felony complaint pursuant to New York Penal Law Section 265.02(8) (criminal possession of a weapon in the third

1

degree). *Id.* at 6; N.Y. Penal Law § 265.02 (McKinney). Glospie alleges that those charges were dismissed on December 1, 2008. *Id.* at 1.

Thereafter, on November 21, 2011, Glospie filed this action. His Complaint asserts the following claims: (1) Violations of the Fourth Amendment (unreasonable search and seizure, false arrest, and unlawful detention), Compl. at 7–9; (2) violation of his Second Amendment right to keep and bear arms, *id.* at 9–12; (3) violation of Article IV, Section I (Full Faith and Credit Clause) and II (Privileges and Immunities Clause) of the United States Constitution, *id.* at 12–13; (4) violation of the Firearm Owner's Protection Act, 18 U.S.C. § 921, *id.* at 13–14; (5) Libel, *id.* at 14; (6) Malicious Prosecution, *id.* at 14–16; (7) violation of the Fourteenth Amendment's Equal Protection Clause, *id.* at 16–17; violation of the Ex Post Facto Clause of the United States Constitution, *id.* at 17–18; (9) "Unconstitutional Action," *id.* at 18; (10) Conspiracy, *id.* at 18–19; (11) Malicious Process, *id.* at 19; and (12) Negligence, *id.* at 20.

On December 30, 2011, Judge Hochberg granted Glospie's *in forma pauperis* application, pursuant to 28 U.S.C. § 1915(d). Docket No. 4. On April 26, 2012, Defendant Castiglia filed a motion to dismiss the Complaint in its entirety. Docket No. 13. On April 27, 2012, Judge Hochberg granted Glospie's request for a stay of this matter pursuant to the Servicemembers Civil Relief Act. Docket No. 15. At the same time, Judge Hochberg administratively terminated Defendant's motion to dismiss.

This matter was reassigned to me on August 1, 2012. On December 10, 2012, Glospie was ordered to show cause why the stay pursuant to the Servicemembers Civil Relief Act should not be lifted. Docket No. 17. Plaintiff failed to show cause or otherwise respond, and, on May 21, 2013, the case was administratively terminated without prejudice. Docket No. 21. While administratively terminating, I also granted Plaintiff leave to request that the matter be reopened within ninety days of the May Order. On May 30, 2013, the Court received a letter from Plaintiff indicating that he was no longer on active duty and that he could proceed in this matter. Docket No. 22. Accordingly, I reopened the case and deemed Defendant's motion to dismiss to have been refiled. Docket No. 23.

Defendant argues that the Complaint should be dismissed in its entirety because he was not properly served. He also seeks dismissal because this Court lacks personal jurisdiction over him. Defendant further contends that Plaintiff's claims are barred by the applicable statute of limitations and are procedurally barred under applicable municipal law. As to certain claims, he

also contends that the Complaint fails to state a claim upon which relief may be granted. Docket No. 13-3.

I find service of process to be invalid under Fed. R. Civ. P. 4. Because Plaintiff is proceeding *in forma pauperis*, I would likely be inclined to permit him leave to properly effectuate service. However, because I also find that this Court could not assert personal jurisdiction over Castiglia even if service were properly effected, the Complaint will be dismissed.

## II. DISCUSSION

### A. <u>Service of Process</u>

"It is axiomatic that in order for there to be in personam jurisdiction there must be valid service of process." *Lee v. A to Z Trading LLC*, CIV.A. 12-4624 ES, 2013 WL 2182330, at *1 (D.N.J. May 20, 2013) (quoting *Atwell v. Lasalle Nat. Bank*, 607 F.2d 1157, 1159 (5th Cir. 1979)). Here, Defendant argues that he was not properly served with process in this matter and that, therefore, the Court does not have personal jurisdiction over him. Glospie contends that service was proper.

Fed. R. Civ. P 4(e) governs proper service of process. The Rule provides that an individual may be served with the summons and complaint by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made;[1] or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

---

[1] New Jersey Court Rule 4:4–4(a)(1) mirrors the requirements as set forth under Fed. R. Civ. P. 4(e)(2).

Castiglia submits that he was not personally served with the summons and complaint. Docket No. 13-1 ("Castiglia Affidavit") ¶¶ 8–11. Instead, the summons and complaint were delivered by the Marshal's Service[2] to Marie Smith, a clerk at the New Rochelle Police Department. According to Defendant, Smith was not authorized by law, nor was she specifically appointed by Castiglia, to receive process on Castiglia's behalf. Castiglia Affidavit ¶ 11. Castiglia therefore contends that he was never properly served and that the Complaint must be dismissed.

In response, Glospie notes that Castiglia was sued in his individual and official capacity and that, in his official capacity, he is employed by the New Rochelle police department. Docket No. 24 ("Glospie Opp. Br.") at 15. Glospie adds that "Marie Smith, employed as a Clerk by nature of her job duty satisfies the legal requirements as an authorized representative to receive legal matters on behalf of New Rochelle Officers." *Id.* He further argues that the U.S. Marshals were directed to the New Rochelle police department, a place where Castiglia would reasonably be found; that Castiglia was in fact found there; and that a timely response (*i.e.,* Castiglia's motion to dismiss) was in fact filed. From this, presumably, Glospie means the Court to infer that Castiglia received fair and actual notice of this action. Finally, Glospie notes that because of the "nature of the secure environment of the police station," the process server could not gain access and serve Castiglia "in the exact fashion as" the federal rule requires. *Id.* at 16.

> Rule 4(m) provides that if
>
> a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As the Third Circuit has clarified, Rule 4(m) requires "a court to extend time if good cause is shown" and allows "a court discretion to dismiss or extend time absent a showing of good cause." *Petrucelli v. Bohringer & Ratzinger,* 46 F.3d 1298, 1305 (3d Cir. 1995).

---

[2] Because *pro se* Plaintiff Glospie is proceeding *in forma pauperis,* the United States Marshals were responsible for serving the Defendant as directed by Glospie. *See* 28 U.S.C.A. § 1915(d).

Because he is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(d), this *pro se* plaintiff may enjoy a limited amount of additional leeway under Rule 4. Plaintiff may rely on the U.S. Marshals to effectuate service. Courts have also held that an *in forma pauperis pro se* litigant should not be held responsible for the Marshals' failure to serve process correctly, where such failure is through no fault of the litigant. *See Welch v. Folsom*, 925 F.2d 666, 670 (3d Cir. 1991). Nevertheless, if the failure of service is attributable to a *pro se* plaintiff's "'neglect' or 'fault,' such as failing to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal of claims against the defendant may be appropriate." *Lopez-Perez v. DeRose*, 3:CV-11-0048, 2012 WL 750963, at *5 (M.D. Pa. Mar. 8, 2012) (citing Fed. R. Civ. P. 4(m)).

The Complaint was filed in November 2011, and of course the initial 120 day period for service lapsed long ago. It appears to be uncontested that the process server did not personally serve Castiglia, did not leave copies at his residence, and did not mail copies to Castiglia's residence or place of business. *See* Castiglia Affidavit ¶¶ 8–11; Glospie Opp. Br. Instead he served Smith, a clerk in the New Rochelle police headquarters. Castiglia asserts that Smith was not authorized to receive process on his behalf. Castiglia Affidavit ¶ 11. Therefore, service is not proper under Rule 4(e). Glospie's argument that Smith satisfies the legal requirements as an authorized representative to receive legal matters is unsupported by the Record or by legal authority. Moreover, even where a Defendant has actual notice of a suit, a plaintiff still must conform to the standards as set both by the Federal Rules. *See Lee v. A to Z Trading LLC*, CIV.A. 12-4624 ES, 2013 WL 2182330, at *1 (D.N.J. May 20, 2013) (reasoning that actual notice is not sufficient under Rule 4). Were it not so, most motions to dismiss for failure of service would be self-defeating; by their existence they would establish actual notice of the suit.

Service was clearly inadequate. Under the circumstances, I might grant this *pro se* litigant, who relied on the U.S. Marshals to serve Castiglia, additional time to properly effectuate service. As explained below, however, I find that Castiglia does not have the minimum contacts with New Jersey that would permit this Court to assert personal jurisdiction over him even if he were properly served. Re-serving him would be a futile exercise. I will therefore dismiss the Complaint.

B. <u>Personal Jurisdiction</u>

1. Legal Standard

Once a defendant files a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing sufficient facts to show that jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290, 295–96 (3d Cir. 2001). While a court must accept the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff, *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002), the court must still examine any evidence presented with regard to disputed factual allegations. *See, e.g., Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155–56 (3d Cir. 2010) (examining the evidence supporting the plaintiff's allegations); *Patterson v. FBI*, 893 F.2d 595, 603-04 (3d Cir. 1990) ("'A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence.'") (quoting *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984)).

The plaintiff "need only establish a prima facie case of personal jurisdiction." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). However, a plaintiff may not "rely on the bare pleadings alone" in order to withstand a motion to dismiss for lack of personal jurisdiction; "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Patterson*, 893 F.2d at 604 (internal citations omitted); *Time Share Vacation Club*, 735 F.2d at 66 n.9.

In order to be subject to personal jurisdiction, a defendant's conduct in connection with the forum state must be such that he may "reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *accord Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). A nexus between the defendant, the forum, and the litigation forms the basis of personal jurisdiction. *Id.* To properly establish jurisdiction, a court may have either general or specific personal jurisdiction over a defendant. *Id.* A court in this forum can only assert personal jurisdiction to the extent permissible under the Fourteenth Amendment. The "Fourteenth Amendment permits a state to

exercise jurisdiction over an out-of-state defendant only where 'the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Goodman v. Goodman*, CIV A 04-03869 JAG, 2009 WL 3756848, at *3 (D.N.J. Nov. 5, 2009) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

There are two kinds of personal jurisdiction that allow a district court to hear a case involving a non-resident defendant: general and specific. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-415 & n. 9 (1984). A court may exercise general jurisdiction when a defendant has "continuous and systematic contacts" with the forum state. *Id.* at 415 n. 9. The defendant's "contacts need not relate to the subject matter of the litigation," *Ameripay, LLC v. Ameripay Payroll, Ltd.*, 334 F. Supp 2d 629, 633 (D.N.J. 2004), but must rise to "a 'very high threshold of business activity.'" *Id.* at 633 (quoting *Compagnie des Bauxites de Guinea v. Ins. Co. of N. America*, 651 F.2d 877, 891 (3d Cir. 1981)). The facts required to establish sufficient contacts for general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982) (citation omitted). In other words, the plaintiff must demonstrate "significantly more than minimum contacts." *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987).

In contrast to general jurisdiction, specific jurisdiction relies on the defendant's forum-related activities that give rise to the plaintiff's claims. *See Helicopteros*, 466 U.S. at 413-14. Establishing specific jurisdiction requires a three-part inquiry: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). The defendant need not be physically located in the state while committing the alleged acts. *Burger King Corp.*, 471 U.S. at 476. Nor is specific jurisdiction defeated merely because the bulk of harm occurred outside the forum. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 (1984). A single act may satisfy minimum contacts if it creates a substantial connection with the forum. *Burger King*, 471 U.S. at 476 n. 18.

In cases where the alleged injury is the result of an intentional tort, there is an additional wrinkle. Even if a defendant's contacts with the forum state are not sufficient to establish general or specific jurisdiction under the tests above,

the plaintiff may establish specific jurisdiction under the "effects test." *Calder v. Jones*, 465 U.S. 783 (1984). Under this test, "a court may exercise personal jurisdiction over a nonresident defendant who acts outside the forum state to cause an effect upon the plaintiff within the forum state." *Carteret Savings Bank FA v. Shushan*, 954 F.2d 141, 148 (3d Cir. 1992). This allows the court to assert jurisdiction over a defendant based on such *effects* even though the defendant's *contacts* with the forum state alone are too minimal to otherwise satisfy the requirements of due process. *Marten v. Godwin,* 499 F.3d 290, 297 (3d Cir. 2007).

Specifically, under the effects test, the plaintiff must show that:

> (1) the defendant committed an intentional tort;

> (2) the plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort; and

> (3) the defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Imo Indus., Inc. v. Kiekert AG,* 155 F.3d 254, 265-66 (3d Cir. 1998). In order to establish that the defendant "expressly aimed" his conduct at the forum, the plaintiff must show that "the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* at 266.

2. Analysis

Castiglia argues that he does not have sufficient contacts with New Jersey to warrant this Court's asserting either specific or general jurisdiction over him in connection with this action. According to Castiglia's Affidavit, he does not live, nor has he ever lived, in New Jersey. Castiglia Affidavit ¶¶ 4. He does not own real property in the state and has never conducted any business in the state. *Id.* ¶¶ 4,5,6. The only interaction Castiglia has had with Castiglia was in New Rochelle, New York. *Id.* ¶ 7.

8

### a. General Jurisdiction

Glospie has not established general jurisdiction over Castiglia. General jurisdiction exists when the defendant has "continuous and systematic contacts" with the forum state. *Gen. Elec.*, 270 F.3d at 150. Castiglia denies any contact with the forum. He does not reside in New Jersey, has never lived here, and has never owned property here. He has never conducted any business in the state. Castiglia Affidavit ¶¶ 3–6.

Accordingly, I do not find that Castiglia has "significantly more than minimum contacts" with New Jersey. *See Provident Nat. Bank*, 819 F.2d at 437. Indeed, it appears that his only cognizable contact with this State is being named as a defendant in this matter. Such facts do not establish the "continuous and systematic" contacts necessary to for this Court to assert general jurisdiction over Castiglia. Accordingly, Plaintiff has not come near discharging his burden to establish a basis for general personal jurisdiction.

### b. Specific Jurisdiction

Glospie has not established specific jurisdiction over Castiglia. Specific jurisdiction is established when a non-resident defendant purposely directs his activities at a resident of the forum, and the injury at issue arises from or is related to those activities. *Gen. Elec.*, 270 F.3d at 150 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). As discussed above, the burden to produce actual evidence of the defendant's contacts with the forum state rests on the plaintiff. *Goodman*, 2009 WL 3756848, at *4 (citing *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n. 9 (3d Cir. 1984)). To satisfy this burden, Glospie must show that Castiglia purposefully availed himself of this forum or that he otherwise expressly aimed his conduct at this forum.

Castiglia avers that he has no ties to New Jersey, the forum state. Plaintiff Glospie is a New Jersey resident, but Castiglia's only contact with Glospie occurred in New Rochelle, New York. Aside from being sued, Castiglia has had no other interaction with Glospie.

Glospie does not really dispute any of this, and does not allege any significant facts in opposition. Instead he argues that the "minimum contacts" analysis applies to businesses or corporations, not individuals. He also proposes that substantial justice will not be served by precluding his Section

1983 action in this forum. Dismissal, he says, would defeat the remedial purpose of Section 1983. Glospie adds that due process would be violated if the minimum contacts analysis were applied to a *pro se* plaintiff proceeding *in forma pauperis*.

Finally, Glospie submits that he has shown a rational legal relationship to the Defendant's actions sufficient to establish personal jurisdiction. In particular, he states that the "minimum contacts" requirement is met because Castiglia committed acts in violation of Glospie's rights. Glospie urges that Glospie may reasonably anticipate encountering citizens of other states in the course of his police duties, and may reasonably expect them to sue him in the courts of their home states. In that sense, says Glospie, Castiglia should expect to be sued here and has availed himself of this forum. I disagree.

As Castiglia asserts, his only contact with Glospie occurred in New York. He has no other ties to New Jersey. Castiglia's sole involvement with New Jersey—being sued here—is the result of Glospie's action, not his own. Castiglia Affidavit ¶ 7; *see Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 417 (reasoning that "unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction").

Specific jurisdiction requies "at least 'a single deliberate contact' with the forum state that relates to the cause of action." *Goodman*, 2009 WL 3756848, at *4 (quoting *United States Golf Ass'n v. United States Amateur Golf Ass'n,* 690 F.Supp. 317, 320 (D.N.J. 1988)). Plaintiff has not pointed to a single such contact. Nor has he asserted any facts to suggest that Castiglia should "reasonably anticipate being haled into court" here. *World–Wide Volkswagen Corp.,* 444 U.S. 286, 297 (1980). Simply being a policeman—or indeed, walking down the street—in New Rochelle may carry a statistical likelihood of encountering one or more New Jerseyans. That has never been considered an adequate contact with New Jersey itself sufficient to subject an out-of-state resident to jurisdiction here. And nothing about the facts before the court even hints that Castiglia ever "expressly aimed" his conduct at this forum. *See Imo Indus., Inc.,* 155 F.3d at 265-66.[3]

————————————————

[3] Though Glospie submits that Defendant's actions fall under the "effects test" of *Calder v. Jones*, 465 U.S. 783, he provides no facts at all to show that Castiglia knew that Glospie would "suffer the brunt of the harm caused by the tortious conduct"

The fact that Glospie brings claims under 42 U.S.C Section 1983 does not excuse him from his responsibility to establish personal jurisdiction, nor does the fact that he is a *pro se* plaintiff proceeding *in forma pauperis*. Personal jurisdiction is a prerequisite to this Court's authority to enter a judgment as to a defendant. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir.1992). Moreover, there is no legal authority supporting the proposition that the "minimum contacts" analysis does not apply in the case of an individual defendant, as opposed to a commercial entity.[4] In short, none of Glospie's arguments have any support in the case law. The Constitution places limits on this Court's assertion of in personam jurisdiction. Those limits apply to individuals, as well as business entities, and cannot be disregarded out of sympathy for a particular plaintiff.

Because I do not find that Plaintiff has established minimum contacts, I need not reach the issue of whether I should nevertheless deny the assertion of personal jurisdiction on grounds of "fair play and substantial justice." *Burger King Corp.*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310, 320 (1945)). And because I find that I do not have personal jurisdiction over Castiglia, I will not address the additional grounds for dismissal raised in his motion.

---

in New Jersey, nor has he "pointed to specific activity indicating that" Castiglia "expressly aimed its tortious conduct at the forum." *Id.* at 266. Certainly the alleged tort, the allegedly illegal search and seizure, the filing of the criminal charges, and the dismissal of those charges occurred in New York. There are no New Jersey "effects" except in the trivial sense that Glospie lives here.

[4] Glospie also argues that Castiglia would not be burdened by having to appear in this forum because he works as a police officer in a neighboring state and that this Court lies 11.2 miles from the Southern District of New York. He also submits that he Castiglia would not be burdened because Castiglia's counsel is available in New Jersey and New York. Even if these assertions were true (though I need not comment as to their veracity), they cannot properly be considered in determining whether Castiglia has minimum contacts with the forum.

## III. CONCLUSION

For the foregoing reasons, Castiglia's Motion to Dismiss the Complaint will be granted. The Complaint is dismissed with prejudice.

An appropriate Order will be entered.

Dated: March 5, 2014

**KEVIN MCNULTY**
**United States District Judge**